IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | **NO. 24-263** |
| | : | |
| **DONALD MICHAEL a/k/a** | : | |
| **"BASEBALL FUN"** | : | |

## ORDER

**NOW,** this 11th day of June, 2025, upon considering the oral Motion of the United States for a presentence psychosexual evaluation to be performed by the Bureau of Prisons during our June 10, 2025 Conference noticed to the public (ECF 49), mindful Defendant prefers an earlier evaluation given the unexplained delay since our April 11, 2025 Order (ECF 40), relying upon the United States' assurances of prompt evaluation out of District and our sentencing evaluation along with Defendant's both in custody or during release will benefit by more information than is otherwise available at the Federal Detention Center today as a basis for determining the sentence to be imposed on the Defendant, and for good cause in reliance upon the United States' specific representations, it is **ORDERED** we **GRANT** the United States' oral motion under 18 U.S.C. § 3552(b) and (c) and § 4244(b) requiring:

1. The Defendant shall participate in and complete a psychiatric or psychological evaluation by the Bureau of Prisons with his scheduled departure and assignment no later than **June 18, 2025** requiring the United States shall file a Notice not exceeding two pages **under seal** no later than **June 20, 2025** confirming the departure and placement consistent with this Order and the United States' representations during the June 10, 2025 conference;

2. Defendant shall be immediately committed to the custody of the Attorney General for placement in a suitable facility for a reasonable period, not to exceed forty-five days

(absent further leave for an additional fifteen days upon a showing of good cause through motion), to conduct and complete the examination;

3. The psychiatric or psychological examination of the Defendant shall be conducted by a licensed or certified psychiatrist or psychologist, and shall address both psychiatric and psychosexual issues, apprise the Court of any mental health issues, provide the Court with a current mental health diagnosis, and also provide treatment recommendations;

4. The psychiatrist or psychologist shall prepare a report of the examination under 18 U.S.C. §§ 3552(b) & (c) and 4247(c), which shall include the following additional information:

    (a) the Defendant's history and present mental status;

    (b) a description of the psychiatric, psychological, and medical tests employed and their results;

    (c) the examiner's findings;

    (d) the examiner's opinions as to diagnosis, prognosis, and any recommendation the examiner may have as to how the mental condition of the Defendant should affect the sentence in 18 U.S.C. § 3553(a), with particular emphasis on recidivism and the protection of the public;

    (e) recommendations for treatment while the Defendant is in prison and also while he is on supervised release; and

    (f) any other matters that the Bureau of Prisons believe are pertinent to the factors set forth in Section 3553(a).

5. Upon completion of the evaluation, the Defendant shall be returned to the Eastern District of Pennsylvania.

6. The United States Probation and Pretrial Services Officer is authorized to release

documents obtained during the presentence investigation to the evaluator for the purposes of the evaluations. The Pretrial Services Report and the preliminary Presentence Investigation Report may be released for use with the evaluations. The evaluator may also contact the United States Probation and Pretrial Services Officers, as well as counsel for the United States and the Defendant for additional information related to the evaluations.

7. Copies of the report shall be forthwith provided to the Court, counsel for the United States and counsel for the Defendant and the Probation Officer upon production; and,

8. We may schedule a separate hearing under 18 U.S.C. § 4244(a) if warranted before our sentencing hearing.

_____
KEARNEY, J.